RECEIVED

MAR 2 2 2007

JAMES BONINI, CLERK
COLUMBUS, OHIO

FILED
JAMES BONINI
CLERK

07 MAR 28 PM 12: 57

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

JANET L THOMPSON, ADMINISTRATOR
OF THE ESTATE OF NATHANIEL WILLIAMS,
Plaintiff,
v.)

THC, INC D/B/A GREENBRIAR HEALTHCARE

CENTER/CORTLAND HEALTHCARE CENTER,

MARTHA WARLEY, MARGARET VARNEY
Defendants. )

1:07 cv 231

JUDGE BARRETT
MAGISTRATE JUDGE HOGAN

## COMPLAINT FOR NURSING HOME ABUSE;

## MEDICAL MALPRACTICE AND WRONGFUL DEATH

### Parties

1) Janet L Thompson, resides at 1326 Elmwood Avenue, County of Kanawha, Charleston, West Virginia 25311-1964.

2) The Plaintiff is the duly appointed Administrator of Nathaniel Williams estate.

3) THC, Inc is organized under the State of Maryland, with a principal place of business at 910 Ridgebrock Road, Spring Maryland 21152.

4) Defendant THC, Inc operates a nursing facility at 1242 Crescent Drive, PO Box 219, Wheelersburg, Ohio 45694, under the name "Greenbriar Healthcare Center/Cortland Healthcare Center"(THC/Greenbriar/Cortland)

5) Defendant Martha Warley, Administatrator Greenbriar/Cortland Healthcare Center was at all

relevant times an employee of the Defendant THC/Greenbriar/Cortland

6) Defendant Martha Warley resides in the state of Ohio and can be located at 1242 Crescent Drive, Wheelersburg, Ohio 45694.

7) Defendant Margaret Varney, Director of Nursing Greenbriar/Cortland Healthcare Center was at all relevant times an employee of the Defendant THC/Greenbriar/Cortland

8) Defendant Margaret Varney resides in the state of Ohio, and can be located at 1242 Crescent Drive, Wheelersburg, Ohio 45694.

## Facts

7) Defendant THC/Greenbriar/Cortland operated a nursing facility allowing abuse and medical malpractice attributing to the death of the elderly patient; NATHANIEL WILLIAMS, from 2004 through 2005.

8) During this time, THC/Greenbriar/Cortland condoned, allowed, encouraged and participated in an atmosphere of inhumane treatment of this elderly patient. NATHANIEL WILLIAMS

9) THC/Greenbriar/Cortland allowed, created and condoned an atmosphere of abuse and medical malpractice attributing to the death of NATHANIEL WILLIAMS, which included the following acts which occurred; NATHANIEL WILLIAMS

    **Toes rotted off**

    **Side of foot was rotted**

    **3 x 2 Bed Sores in buttocks**

    **2 x 2 Bed Sore in hip**

    **Burns to hand**

    **Starvation and Dehydration**

10) In 2004, NATHANIEL WILLIAMS was admitted to Greenbriar/Cortland as a resident.

11) NATHANIEL WILLIAMS suffered from Alzheimer's disease and senile dementia. He was also incontinent. He was admitted to the facility because he required humane qualified nursing care and supervision.

12) NATHANIEL WILLIAMS was subjected to the abuse described above during 2004 and 2005.

13) NATHANIEL WILLIAMS died in 2005.

14) The last year of NATHANIEL WILLIAMS life was filled with mistreatment, degradation, injury and abuse.

15) During this time THC/Greanbriar/Cortland knew about these unspeakable horrors but chose to do nothing to stop them.

16) During this time THC/Greanbriar/Cortland did know about these acts of abuse but chose to do nothing to stop them.

17) During this time THC/Greanbriar/Cortland had created, maintained and cultivated an intimidating and chilling atmosphere of abuse and neglect.

18) During this time THC/Greanbriar/Cortland discouraged any reports of abuse or neglect by staff.

19) THC/Greanbriar/Cortland suppressed and did not report the incidents of injury and abuse described above.

20) THC/Greanbriar/Cortland intentionally turned a blind eye to the frequent abuse of the

patient NATHANIEL WILLIAIMS it was entrusted to care for and did nothing to stop it.

21) THC/Greanbriar/Cortland callously turned a deaf ear to the frequent screams coming from THE helpless elderly patient, NATHANIEL WILLIAMS it was entrusted to care for and did nothing to stop it.

22) During this time the Plaintiff was upset, and terrified by the abuse received at THC/Greanbriar/Cortland.

23) THC/Greanbriar/Cortland systematically robbed NATHANIEL WILLIAMS of his dignity during this time.

24) State and Federal regulations prohibit a nursing home from allowing a resident to be punished, intimidated or injured.

25) Infliction of injury, punishment or intimidation constitutes abuse when the resident suffers physical harm, pain or mental anguish.

26) NATHNIEL WILLIAMS received horrendous looking and equally painful Bed Sores, the side of his foot was rotted an some of his toes were rotted and he suffered from starvation and dehydration, due to the lack of supervision and attendance by THC/Greanbriar/Cortland.

27) NATHANIEL WILLIAMS was burned by the THC/Greanbriar/Cortland employee/employees for no reason other than to abuse him and cause him pain.

28) On information and belief, NATHANIEL WILLIAMS experienced horrendous pain from the mistreatment and malpractice he suffered at Greenbriar/Courtland

29) Because NATHANIEL WILLIAMS was incontinent he was ignored by staff and found soiled in feces and urine.

30) On information and belief, in 2005 NATHANIEL WILLIAMS had to be hospitalized after becoming starved and dehydrated.

31) During this time THC/Greanbriar/Cortland THC allowed the constant instances of abuse and neglect to continue because they were severely understaffed.

32) During this time THC/Greanbriar/Cortland allowed the constant instances of abuse and neglect to continue because they chose not to hire and/or train and/or supervise or monitor a sufficient number of qualified healthcare personnel to care for the residents.

33) During this time THC/Greanbriar/Cortland was severely understaffed so that some nurse assistants worked as many as 80 hours per week.

34) THC/Greanbriar/Cortland personnel who worked 80 hours per week became abusive to patients including NATHANIEL WILLIAMS.

35) THC/Greanbriar/Cortland knew or should have known that personnel who worked as many as 80 hours per week would become abusive to patients including NATHANIEL WILLIAMS.

36) It was foreseeable that nursing assistants who worked as many as 80 hours per week would become abusive to elderly patients including NATHANIEL WILLIAMS.

37) Because of understaffing, reports were not made of neglect and abuse of residents.

38) During the year 2004 and continuing until at least September of 2005, despite the sometimes daily and frequent instances of abuse and humiliation of NATHANIEL WILLIAMS, no one stepped forward to stop it.

39) The Defendant THC/Greanbriar/Cortland knew, or should have known, that NATHANIEL WILLIAMS was at risk for abuse and neglect. The Defendants failed to provide adequate and

appropriate care for NATHANIEL WILLIAMS.

40) On information and belief NATHANIEL WILLIAMS suffered personal injury, experienced severe pain and suffering, emotional upset and anger while he resided at the Defendant's facility.

41) As a Nursing Home facility, the Defendant thc and their servants, agents and employees held themselves out to the public and the Plaintiff as qualified and competent residential home providers for the aged and infirm.

42) The Defendant THC/Greanbriar/Cortland, at all times relevant herein, charged, and were paid by its residents and patients, for its services.

43) At all times relevant herein, the Defendants had the obligation and ability to provide for the safety and care of its residents, including the decedent herein; NATHAN WILLIAMS.

44) The Defendants also had the obligation and ability to provide a safe, adequate and habitable living environment for all of its residents, including the decedent herein.

45) As a result of the negligence and carelessness of the Defendants and its servants, agents and employees, the decedent was caused to sustain personal injuries, including physical pain, suffering and extreme humiliation.

46) Defendant THC/Greanbriar/Cortland violated the right of NATHANIEL WILLIAMS to a dignified existence.

47) Defendant THC/Greanbriar/Cortland violated the right of NATHANIEL WILLIAMS to exercise his rights as a resident of the THC/Greanbriar/Cortland facility and as a citizen of the United States.

48) Defendant THC/Greanbriar/Cortland violated the right of NATHANIEL WILLIAMS to be

free of interference, coercion, discrimination, and reprisal from THC/Greanbriar/Cortland In exercising his rights.

49) Defendant THC/Greanbriar/Cortland violated the right of NATHANIEL WILLIAMS to voice grievances about treatment without discrimination or reprisal.

50) Defendant THC/Greanbriar/Cortland was required to protect and promote the rights of each Resident, including NATHANIEL WILLIAMS during this time.

## COUNT I

51) The Plaintiff, Janet L Thompson, as duly appointed Administrator of the Estate of NATHANIEL WILLIAMS, repeats and reavers fully herein the allegations contained in Paragraphs 1 through 50 of this complaint as if each were set forth here in its entirety.

52) At all times relevant to this complaint, the Defendant THC/Greanbriar/Cortland , represented and held itself out to be skilled in the provision of care and supervision to its residents who are in need of nursing home care and that it was knowledgeable, competent and qualified to attend to the physical needs and supervision of the Plaintiff on or about 2004..

53) On or about 2004, NATHANIEL WILLIAIMS was submitted to the care and supervision of the Defendant THC/Greanbriar/Cortland, by its agents, servants or employees, who negligently and carelessly and without regard for NATHANIEL WILLIAMS 's health and well-being, treated him in a manner which resulted in the Plaintiff's suffering personal injuries, emotional trauma and attributed to his death.

54) The injuries and death to NATHANIEL WILLIAMS were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the Defendant THC/Greanbriar/Cortland, by its agents, servants or employees, including but not limited to the

following:

a. its misrepresentations to the Plaintiff that it was knowledgeable, skillful and competent to attend to his physical needs and supervision;

b. its failure to adequately and properly provide for the physical needs and supervision of the Plaintiff at all times, and its failure to properly evaluate those needs and supervision requirements as required by law;

c. its failure to recognize, or to have the knowledge to recognize its inability and lack of skill to properly provide for the physical needs and supervision of the Plaintiff, when it knew or should have known of the foreseeable consequences of its inability and failure to properly and skillfully provide the Plaintiff with acceptable care and supervision;

d. its failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the residential care profession;

e. its failure to inform and to warn of the risks involved in or associated with the Plaintiff's needs and failure to inform and to warn about the dangers associated with those needs going unmet; and

f. its failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants and/or employees.

g. its failure to hire train and supervise sufficient numbers of qualified staff and medical personnel to care for its resident patients.

WHEREFORE, the Plaintiff, prays judgment against the Defendant, THC/Greanbriar/Cortland, for injuries and damages, together with interest and costs.

## COUNT II

55) The Plaintiff, repeats and reavers fully herein the allegations contained in Paragraphs 1 through 54 of this complaint as if each were set forth here in its entirety.

56) On or about 2004, the Defendant THC/Greanbriar/Cortland, by its agents, servants or employees, contracted with the plaintiff to provide professional services related to the care and supervision of the Plaintiff.

57) The Defendant THC/Greanbriar/Cortland, by its agents, servants or employees, expressly and impliedly warranted to the Plaintiff that it would perform and render said professional services in accordance with accepted standards for the provision of nursing care and supervision, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing its specialty.

58) On or about 2004 through 2005, the Defendant THC/Greanbriar/Cortland, by its agents, servants or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing its specialty, which breach resulted in the injury to NATHANIEL WILLIAMS.

59) The injuries to NATHANIEL WILLIAMS were the direct and proximate result of the breach of express and implied warranties of the Defendant Franklin, by its agents, servants or employees.

WHEREFORE, The Plaintiff, prays judgment against the Defendant, THC/Greanbriar/Cortland, for damages, together with interest and costs.

## COUNT III

60) The Plaintiff, repeats and reavers fully herein Paragraphs 1 through 59 of this complaint as if each were set forth here in its entirety.

61) On or about 2004, average qualified members of the nursing care profession providing care and supervision to elderly residents knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of management of the Plaintiff's needs and supervision.

62) On or about 2004, the Defendant THC/Greanbriar/Cortland, by its agents, servants or employees, knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of management of the Plaintiff's needs and supervision.

63) On or about 2004, the Defendant THC/Greanbriar/Cortland , by its agents, servants or employees, did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of management of the Plaintiff's needs and supervision.

64) If the Defendant THC/Greanbriar/Cortland, by its agents, servants or employees, had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of management of the Plaintiff's needs and supervision, neither the Plaintiff nor a reasonable person in his position would have elected the Defendant's choice of management of the Plaintiff's needs and supervision.

65) The alternatives to and the risks and potential consequences of the Defendant's choice of management of the Plaintiff's needs and supervision were material to a decision by the Plaintiff's and a reasonable person in his position as to whether to undergo the Defendant's choice of management of the Plaintiff's needs and supervision.

66) NATHANIEL WILLIAMS suffered injuries at THC/Greanbriar/Cortland which subsequently

attributed to his death, which were the direct and proximate result of the Defendant THC/Greanbriar/Cortland, by its agents', servants' or employees' failure to obtain the informed consent of the Plaintiff.

WHEREFORE, The Plaintiff, prays judgment against the Defendant, THC/Greanbriar/Cortland, for theabove-described injuries, together with interest and costs.

## COUNT IV

67) The Plaintiff, repeats and reavers fully herein Paragraphs 1 through 66 of this complaint as if each were set forth here in its entirety.

68) At all times relevant, the Defendant THC/Greanbriar/Cortland, was engaged in trade or commerce and NATHANIEL WILLIAMS was a consumer as defined by law.

69) Plaintiffs Family and friends constanly requested information regarding NATHANIEL WILLIAMS, physical and mental condition and the care that was required by law

70) Defendant THC/Greanbriar/Cortland did violate these applicable laws:
a. by failing to accurately record and make known to all staff attending NATHANIEL WILLIAMS his need for humane care and assistance;

b. by failing to periodically evaluate and monitor the services, protective measures and accommodations needed by Anonymous;

c. by failing to provide for the safety and emotional and physical well being of its resident, NATHANIEL WILLIAMS when the Defendant, through its agents, servants and employees left him unsupervised;

d. by failing to prevent abuse and neglect of NATHANIEL WILLIAMS, as required by law.

71) As a direct and proximate result of the Defendant THC/Greanbriar/Cortland Franklin's knowing and willful violations NATHANIEL WILLIAMS, was caused to sustain the above described injuries including pain and Suffering attributing to Death.

WHEREFORE, the Plaintiff prays judgment against the Defendant, THC/Greanbriar/Cortland, in an amount that is just and appropriate to compensate for WILLIAMS's injuries and associated death and damages, together with interest, multiple damages, attorney's fees and costs.

## COUNT V

72) The Plaintiff, repeats, realleges and incorporates herein paragraphs 1 through 71 above as if fully set forth herein.

73) NATHANIEL WILLIAMS contracted with the Defendant THC/Greanbriar/Cortland for nursing care in 2004.

74) By entering into a contract with Plaintiff, for which valuable consideration was provided to THC/Greanbriar/Cortland, the Defendant THC/Greanbriar/Cortland was bound by the said contract, and obligated thereby, to provide MNATHANIEL WILLIAMS, with a reasonably safe living environment free from defects and dangerous conditions; and was contractually obligated to provide for the safety and well-being of NATHANIEL WILLIAMS.

Defendant THC/Greanbriar/Cortland breached its contract with the decedent as follows:

a. negligent failure to provide for the safety, security and well-being of the decedent;

b. negligent failure to monitor and supervise the decedent when the Defendant, its agents, servants and employees knew, or should have known, the decedent was at risk for falling and endangering his safety;

c. negligent failure to monitor and supervise its agents, servants and employees to ensure Anonymous's safety and well-being;

d. negligent failure to provide a safe and secure habitable residence for the decedent.

75) All of the aforesaid constituted a breach of THC/Greanbriar/Cortland contract with the decedent, thereby inflicting damage/death to the decedent in the value of the contract.

76) The Defendant breached its contract with the decedent by failing to provide a safe and habitable living environment.

77) The Defendant's failure to properly monitor, supervise and care for the decedent constituted a breach of its contract with the decedent.

WHEREFORE, the Plaintiff, demands judgment against the Defendant,THC/Greanbriar/Cortland in an amount just and appropriate together with interest and costs.

## COUNT VI

78) The Plaintiff, repeats, realleges and incorporates herein paragraphs 1 through 77 above as if fully set forth herein.

79) At all times relevant hereto, MarthaWarley was an employee, agent and/or servants of the Defendant THC/Greanbriar/Cortland.

80) At all times relevant hereto, Martha WarlEy was acting within the course and scope of her employment at THC/Greanbriar/Cortland.

81) At all times relevant hereto, Martha Warley was acting in furtherance of THC/Greanbriar/Cortland business, was acting under the supervision of

THC/Greanbriar/Cortland and with the authority of THC/Greanbriar/Cortland.

82) At all times relevant hereto, Martha Warley was negligent in the care of NATHANIEL WILLIAMS which proximately caused NATHANIEL WILLIAMS personal injuries and emotional distress.

WHEREFORE, Plaintiff, demands judgment against the Defendant THC/Greanbriar/Cortland in an amount just and appropriate together with interest and costs.

83) The Plaintiff, repeats, realleges and incorporates herein paragraphs 1 through 82 above as if fully set forth herein.

84) At all times relevant hereto, Margaret Varney was an employee, agent and/or servants of the Defendant THC/Greanbriar/Cortland.

85) At all times relevant hereto, Margaret Varney was acting within the course and scope of her employment at THC/Greanbriar/Cortland.

86) At all times relevant hereto, Margaret Varney was acting in furtherance of THC/Greanbriar/Cortland business, was acting under the supervision of THC/Greanbriar/Cortland and with the authority of THC/Greanbriar/Cortland.

87) At all times relevant hereto, Margaret Varney was negligent in the care of NATHANIEL WILLIAMS which proximately caused NATHANIEL WILLIAMS personal injuries and emotional distress.

WHEREFORE, Plaintiff, demands judgment against the Defendant THC/Greanbriar/Cortland in an amount just and appropriate together with interest and costs.

## COUNT VI I I

88) The Plaintiff, repeats, realleges and incorporates herein paragraphs 1 through 87 above as if fully set forth herein.

89) At all times relevant hereto, THC/Greanbriar/Cortland agents, employees and or servants were negligent in the care and treatment of Anonymous which resulted in severe emotional distress to him.

90) THC/Greanbriar/Cortland negligently inflicted emotional distress upon NATHANIEL WILIIAMS during the period 2004 through 2005.

WHEREFORE, Plaintiff, demands judgment against the Defendant, THC/Greanbriar/Cortland in an amount just and appropriate together with interest and costs.

## COUNT VIII

91) The Plaintiff, repeats, realleges and incorporates herein paragraphs 1 through 90 above as if fully set forth herein.

92) At all times relevant hereto, Margaret Varney were negligent in the care and treatment of NATHANIEL WILLIAMS which resulted in severe emotional distress to him

93) Margaret Varney negligently inflicted emotional distress upon NATHANIEL WILLIAMS during the period 2004 through 2005.

WHEREFORE, Plaintiff, demands judgment against the Defendant, Margaret Varney in an amount just and appropriate together with interest and costs.

## COUNT IX

94) The Plaintiff, repeats, realleges and incorporates herein paragraphs 1 through 93 above as if fully set forth herein.

95) At all times relevant hereto, Martha Warley were negligent in the care and treatment of NATHANIEL WILLIAMS which resulted in severe emotional distress to him

96) Martha Warley negligently inflicted emotional distress upon NATHANIEL WILLIAMS during the period 2004 through 2005.

WHEREFORE, Plaintiff, demands judgment against the Defendant, Martha Warley in an amount just and appropriate together with interest and costs.

## COUNT X

97) The Plaintiff, repeats, realleges and incorporates herein paragraphs 1 through 98 above as if fully set forth herein.

98) At all times relevant herein, THC/Greanbriar/Cortland had the duty to own, maintain, control and operate Franklin in a safe and reasonable manner so as to avoid injury and/or abuse to their residents.

99) The Defendants' failure to protect the decedent and prevent abuse and injuries constituted a dangerous and defective condition which was a breach of the warranty of habitability.

100) As a result of the Defendant's individual and/or combined negligence and breach of the warranty of habitability, the decedent was caused to sustain personal injuries, including pain and suffering and death.

WHEREFORE, Plaintiff, demands judgment against the Defendant, THC/Greanbriar/Cortland in

an amount just and appropriate together with interest and costs.

## Jury Demand

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

The plaintiff, pro se

Janet L Thompson
1326 Elmwood Avenue
Charleston, West Virginia 25301-1964
304-444-9010

*Plaintiff attests that this complaint is true to the best of her knowledge.*

*[signature]* 3-21-07