UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Janet L. Thompson,
      Plaintiff

   vs                                              Case No. C-1-07-231
                                                           (Barrett, J.)
THC, Inc., et. al.,                             (Hogan, M.J.)
      Defendants

**ORDER**

      This matter is before the Court on Plaintiff's Notice of Voluntary Dismissal of Action (Doc. 47). Plaintiff seeks to voluntarily dismiss her action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A). Because the Court found that voluntary dismissal under Fed. R. Civ. P. 41(a)(1) was not appropriate, the Court deemed Plaintiff's Notice of Voluntary Dismissal to be a Motion to Dismiss pursuant to Rule 41(a)(2). On September 11, 2008, the Court issued an Order directing Defendants to show cause why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. 48). Thereafter, on September 18, 2008, Defendants filed a Brief Opposing Plaintiff's Motion for Dismissal. (Doc. 49). Plaintiff filed a Reply. (Doc. 50).

      Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . ." Defendants argue that dismissal without prejudice is not appropriate because "the lawsuit is a nullity, the claims are time barred, and Plaintiff does not have the ability to request a dismissal without prejudice." (*See* Doc. 49). Defendants argue that Plaintiff's Complaint and Amended Complaint are nullities because she filed her complaints in violation of Ohio law, she has failed to properly "commence" this action and her claims are now time barred.

      Under both federal and Ohio law, Plaintiff may not represent the interests of the estate *pro se*. *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2003); *Heath v. Teich*, No. 06AP-1018, 2007 WL 1501727 (Ohio Ct. App. May 24, 2007).

      28 U.S.C. § 1654 provides in pertinent part that:

      In all courts of the United States the parties may plead and conduct their own cases

personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Likewise, O.R.C. § 4705.01 provides in pertinent part that:

No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. Except as provided in section 4705.09 of the Revised Code or in rules adopted by the supreme court, admission to the bar shall entitle the person to practice before any court or administrative tribunal without further qualification or license.

The Sixth Circuit has made it clear that, pursuant to § 1654, an individual may appear in federal court *pro se* to represent his or her own case, but is prohibited from appearing *pro se* where there are interests at stake other than that individual's. *Shepherd*, 313 F.3d at 970(citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998)("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). The Sixth Circuit, therefore, has held that a *pro se* plaintiff may not represent an estate in litigation where there are estate beneficiaries other than the plaintiff. *Id.* Similarly, under Ohio law, an estate's fiduciary who is not an attorney is prohibited from representing the estate in a court of law. *See O'Brien v. White & Getgey*, No. C-74610, 1975 WL 182077 (Ohio Ct. App. Oct. 27, 1975). As the court in *O'Brien* noted, "the mere fact that title, at least to the decedent's personal property, passes to the administrator for the purposes of disposing of the estate does not eliminate the interests of other involved parties." *Id* at *2.

In the present case, Plaintiff is attempting to litigate this case *pro se*. However, she is conducting this case as the Administrator of the Estate of Nathaniel Williams. While Plaintiff argues that her personal interest is that of a beneficiary, she is not the sole beneficiary. Any interest Plaintiff has in this action is as a beneficiary of the estate. Moreover, while she is permitted, under Federal Rule of Civil Procedure 17[1], to bring this action in her own name, as administrator of the Estate, the benefit of the action remains at all times with the Estate, not Plaintiff. *See Fielder v. Ohio Edison Co.,* 109 N.E.2d 855, 857 (1952), *superseded by statute on other grounds*; *Jones v. Wittenberg University*, 534 F.2d 1203, 1207-1208 (6th Cir. 1976). Likewise, the powers-of-attorney executed by the other beneficiaries "cannot be used to circumvent a statutory prohibition" against the unauthorized practice of law by Plaintiff. *See Disciplinary Counsel v. Coleman,* 724 N.E.2d 402, 404-405 (2000)(The use of a power of attorney as a contract to represent another in court violates the laws of Ohio). For these reasons, the Court advised Plaintiff that she could not represent the interests of the Estate of Nathaniel

---

[1] Rule 17 provides that "[t]he following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator. . . ." Fed. R. Civ. P. 17(a).

Williams *pro se* and ordered Plaintiff to obtain counsel to represent the interests of the Estate on or before July 13, 2008. (*See* Doc. 39). To date, counsel has not entered an appearance on behalf of the Estate, and in her Reply (Doc. 50), Plaintiff continues to maintain that she can maintain this action *pro se*. However, as the Court has explained, Plaintiff cannot represent the Estate *pro se*, and therefore dismissal of Plaintiff's Amended Complaint is appropriate.

Similarly, Betty Owens, who claims to be a co-beneficiary of the will of Nathaniel Williams, cannot represent the Estate *pro se*. (Docs. 32, 34) Accordingly, Joinder is not proper, and the Motion for Permissive and Required Joinder will be stricken.

Defendants argue, however, that rather than dismissing Plaintiff's Amended Complaint without prejudice, the dismissal should be with prejudice because the statute of limitations has expired with respect to Plaintiff's medical claims. Defendants contend that, because neither Plaintiff's Complaint nor her Amended Complaints were signed by an attorney, the complaints are null.

In *Sheridan Mobile Village, Inc. v. Larsen,* 78 Ohio App.3d 203, 204, 604 N.E.2d 217 (1992), the owner and president of a corporation filed an action on behalf of the corporation. However, the owner was not licensed to practice law in Ohio, and under Ohio law a corporation can only appear in court through an attorney admitted to the practice of law. *Id.* at 205. The court explained that under Ohio Revised Code § 4705.01, "[n]o person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding on which he is not a party concerned, either by using or subscribing his own name, or the name of another person, unless he has been admitted to the bar . . ." *Id.* at 219. Therefore, the court found that where a plaintiff files a complaint on behalf of another party, and that complaint is not signed by an attorney, it is as if the complaint was never filed. *Id.* The court explained that under Ohio law, when a non-attorney files a complaint in a court in violation of Ohio Revised Code § 4705.01, the court should dismiss the complaint without prejudice. *Id.*, citing *Williams v. Global Construction Co. Ltd*, 498 N.E.2d 500 (Ohio Ct. App. 1985). Accordingly, dismissal shall be without prejudice.

**IT IS THEREFORE ORDERED THAT**:

1) Plaintiff's Motion for Permissive and Required Joinder (Doc. 32) be STRICKEN.

2) Betty Owen's Motion for Permissive and Required Joinder (Doc. 34) be STRICKEN.

3) Plaintiff's Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. 47) is GRANTED.

4)         Plaintiff's Amended Complaint shall be DISMISSED WITHOUT PREJUDICE.

5)         This matter shall be CLOSED and TERMINATED from the docket of this Court.

SO ORDERED.

                                                    */s/ Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Judge